IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MONSIVAIS,<br><br>        Petitioner,<br><br> vs.<br><br>WARDEN KNIPP,<br><br>        Respondent. | No. C 14-1109 RMW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 16) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence imposed by the Superior Court of Monterey County. The court issued an order to show cause. In lieu of an answer, respondent has filed a motion to dismiss the petition as untimely. Although given an opportunity, petitioner did not file an opposition. For the reasons stated below, the court GRANTS respondent's motion to dismiss the petition as untimely.

**I.     BACKGROUND**

Petitioner was sentenced to a term of 30 years to life plus a consecutive 54 years in state prison after being convicted of two counts of premeditated attempted murder, two counts of attempted murder of a public official, two counts of felony assault with a firearm on a peace officer, and related offenses occurring during a 10-day crime spree. (MTD at 2, Ex. 1.) On August 23, 2007, the California Court of Appeal affirmed. (Id., Ex. 1.) On November 28, 2007,

the California Supreme Court denied review. (Id., Ex. 2.) Petitioner did not file any state habeas petitions.

Petitioner filed the underlying petition on March 3, 2014. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

**II.    DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

"Direct review" includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, petitioner's conviction became final on February 26, 2008, ninety days after the California Supreme Court denied his petition for review. See id. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), the AEDPA's one-year limitation period began to run the following day, and

1 expired one year later, on February 26, 2009.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th
2 Cir. 2001).  Thus, the petition filed on March 3, 2014, it is untimely.

3      Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's
4 statute of limitations and the record indicates that the petition falls outside the one-year time
5 period, the petitioner bears the burden of demonstrating that the limitation period was
6 sufficiently tolled under statutory or equitable principles.  See Smith v. Duncan, 297 F.3d 809,
7 814 (9th Cir. 2002).  Here, petitioner was given notice that the petition was subject to dismissal,
8 and was provided an opportunity to respond.  However, petitioner has not responded to the
9 motion, and thus he has not set forth any argument that he is entitled either statutory or equitable
10 tolling.  In addition, the court is unaware of any basis for tolling in this case.  Accordingly, the
11 federal habeas petition is untimely.

12 **III.  CONCLUSION**

13      Respondent's motion to dismiss the petition is GRANTED.  The instant petition is
14 DISMISSED.  The clerk shall terminate all pending motions and close the file.

15 **IV.  CERTIFICATE OF APPEALABILITY**

16      For the reasons set out in the discussion above, petitioner has not shown "that jurists of
17 reason would find it debatable whether the district court was correct in its procedural ruling."
18 Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

19 **IT IS SO ORDERED.**
20 DATED: _____  
                                                 RONALD M. WHYTE
21                                                  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE MONSIVAIS,

        Plaintiff,

  v.

KNIPP et al,

        Defendant.

Case Number: CV14-01109 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Monsivais F-19006
Mule Creek State Prison
P.O. Box 409060
Ione, CA 95640

Dated: May 29, 2015

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk